ERNEST L. SCHWAB, Appellant, *v.* RUBEL CORPORATION et al., Respondents.

Argued May 23, 1941; decided October 16, 1941.

*George Rosling* for appellant. Defendants owed plaintiff a common-law duty to exercise reasonable care under all the circumstances. Such duty was breached when the defendants left a large unguarded opening, flush with the floor, without warning plaintiff of its existence or taking such reasonable precautions to protect it as the nature of the work being done would conveniently have permitted. (*Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Jenkins* v. *313–321 West 37th Street Corp.*, 284 N. Y. 397.) Although defendant Reichman & Hoffman Bros., Inc., was an independent contractor, defendant Rubel Corporation continued jointly liable with it for the failure to take reasonable precautions to guard the opening. (*Hanley* v. *Central Sav. Bank*, 255 App. Div. 542; 280 N. Y. 734; *Rosenberg* v. *Schwartz*, 260 N. Y. 162.)

*Frederick Mellor, John C. Martin* and *William Butler* for Rubel Corporation, respondent. The defendant did not breach any common-law duty that it owed to the plaintiff. (*Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106; *Kern* v. *Great Atlantic & Pacific Tea Co.*, 241 N. Y. 600.) The fact that Rubel Corporation retained some limited power of general supervision for the purpose of seeing that its property was not damaged, and that only the property which had been sold under the contract was being removed, would not make it liable for the independent negligence of Reichman & Hoffman Bros., Inc. (*Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Joyce* v. *Convent Avenue Constr. Co.*, 155 App. Div. 586.)

*Clarence E. Mellen* for Reichman & Hoffman Bros., Inc., respondent. The contractor violated no common-law duty to plaintiff. (*Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106; *McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475; *Mullin* v. *Genesee Co. El. L. P. & G. Co.*, 202 N. Y. 275; *Payne* v. *City of New York*, 277 N. Y. 393; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110.)

CONWAY, J. We have presented to us again the question of the duty of those in possession and control of realty to city firemen who enter upon the property to extinguish a fire. Our decision is limited to the precise facts involved.

The defendant Rubel Corporation, hereinafter referrred to as Rubel, was the owner of premises located on West Seventeenth street in Manhattan, New York city. In 1935 and 1936 it had used the premises for the manufacture of ice and as a distribution point for its sale. Those uses were discontinued in 1937 at which time Rubel sold to the defendant Reichman & Hoffman Bros., Inc., hereinafter referred to as Reichman, all the scrap iron, metal, machinery and *equipment* in the premises. Under the terms of sale the removal of the articles was to take place within sixty days and was to be done under the supervision of a named engineer of Rubel. The building itself was not to be demolished.

The accident which resulted in this action occurred in a room on the first floor above the ground floor of the premises during the dismantling operation. The floor of that room had been almost completely covered with metal ice tanks which stood four or five feet in height. In a space remaining in the rear, which was ten or fifteen feet in depth, there were two or three openings or shafts. The openings were flush with the floor. There was conflicting testimony as to whether those openings were wholly or partly unenclosed. The vice-president of Reichman on examination before trial testified that the shaftways were open, unenclosed and with no toe boards along the edge. On the trial he testified that they were partially enclosed. Other witnesses testified as to complete absence of enclosure. The openings were used by the employees of Reichman, during the dismantling, to drop material through to the lower or ground floor. An ice elevator referred to in the testimony as a " lowerator " had occupied one of the smaller openings but it had been removed.

While an employee of Reichman was engaged in cutting through ice tanks and pipes with an acetylene torch at the rear wall adjacent to the space in which the " lowerator " had been located one of the pipes exploded and a fire occurred.

The plaintiff, a lieutenant in the city fire department, followed by his men, entered the room when the smoke was so dense that one could not see more than eight inches in advance. The employee who had caused the fire testified that he told the plaintiff that it would be better if the latter entered the building through the adjoining street (Sixteenth street) because, " if you go through this way it is a little dangerous." The plaintiff, however, continued to go forward with his men who were playing a hose on the fire and, despite the fact that he moved his feet carefully over the slimy and slippery floor, he fell through the " lowerator " opening and was injured. There was conflict in the testimony as to whether the plaintiff was the one to whom the warning had been given in as much as he wore a black

helmet with a white front while the battalion chief wore a helmet entirely white. The plaintiff denied receiving any warning.

We said in *Jenkins* v. *313–321 West 37th Street Corp.* (284 N. Y. 397), where there was no claim of a violation of statute or ordinance,

" The superintendent of the building testified on behalf of the plaintiffs. According to his testimony he was in the sub-basement when the fire started. He was about to remove the head of an empty steel barrel which had previously contained oil when an explosion occurred and water began to pour from the fire sprinklers. He was burned, and ' scrambled ' upstairs and entered a store on the ground floor of the building where his burns were being rubbed with oil when the firemen arrived. He also testified that he had seen no fire before the explosion. The origin of the fire and the exact cause of the first explosion are not otherwise explained in the record. * * *

" While the presence of gasoline in the quantity indicated would not, under ordinary circumstances, constitute an unusual hazard (*Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583, 588), *its presence in a closed room in which a fire was burning and where an explosion had occurred presented a situation on which the jury might predicate a finding of unusual hazard.* If such a danger existed to the knowledge of the defendant or its agent, the defendant was under a duty if it had opportunity to give warning of the peril. (*Meiers* v. *Koch Brewery*, 229 N. Y. 10; American Law Institute, Restatement of the Law of Torts, § 345.) * * *

" This affirmative proof, together with the undisputed fact that while the superintendent was in the sub-basement an explosion had occurred, warranted a finding by the jury that defendant or its agent in charge had notice of the unusual hazard into which the fireman unknowingly walked. Opportunity to warn the plaintiffs of the peril might be inferred by the jury from the fact that the superintendent was on the premises when the firemen arrived and knew of their arrival.

" Defendant's liability was, therefore, under the circumstances presented by this record, a question of fact for the jury and, but for an error in the receipt of evidence, we would be constrained to reinstate the verdict " (pp. 401, 402).

Clearly it was a question of fact whether there was here presented a situation constituting an unusual hazard, within the meaning of the *Jenkins* case, to one privileged to enter the building for a public purpose. (See Restatement of the Law of Torts, § 345.) A jury could have found that the condition existed to the knowledge, and resultant responsibility, of the defendants in view of testimony as to continued presence on the premises not only of the employees of Reichman but of its vice-president and the engineer of Rubel. (*Hanley* v. *Central Savings Bank*, 255 App. Div. 542; affd., 280 N. Y. 734.) That there was opportunity to give warning of the peril is made manifest by the testimony of the employee who remained and claimed to have given warning. True, it was not necessary for the warning to be given to each and every officer or fireman who entered the room. Warning to the first to enter would have been sufficient. It may be that had the employee fled, there would have been no liability. We do not pass on that. The questions of fact, however, as to whether there was an unusual hazard, whether such condition existed to the knowledge of the defendants or their agents and whether, if those questions were answered in the affirmative, a proper and definite warning of the peril was given, were for the jury.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., and FINCH, J., concur as to the defendant Reichman & Hoffman Bros., Inc., on the authority of *Jenkins* v. *313–321 W. 37th St. Corp.* (284 N. Y. 397), but dissent as to the defendant Rubel Corporation.

Judgments reversed, etc.