MERCHANDISE NATIONAL BANK OF CHICAGO, Appellant, *v.* HAROLD R. LISTER, Respondent.

First Department, May 27, 1958.

*John P. Gorman* for appellant.

*Bernard J. Epstein* of counsel (*Epstein & Jacobson*, attorneys), for respondent.

*Per Curiam.* Having in his possession an order of the court dated December 21, 1956 authorizing substituted service of the summons and complaint in pursuance of section 230 of the Civil Practice Act a process server went on the same day to the apartment house in which defendant resides to effect service under section 231. The apartment house was a large one with an elevator; and defendant lived on an upper floor.

At the apartment house, he testified, the "doorman stopped me" and "I said I had a summons and court order of substitution to be put on the premises of Harold Lister". To this, the doorman answered: "Can't take you up. I have strict instructions". There was exhibited to the doorman "the substituted order, summons and complaint."

The process server then "asked to see the superintendent" and was told "he wasn't around"; thereupon he "proceeded to take the papers, and I had a rubberband, and I put them around the knob of the entrance of the door" of the apartment house. There was evidence that the process server had tried unsuccessfully to see the superintendent before this date.

Upon defendant's motion on special appearance to vacate the service of process, the court directed a reference to hear and report; and the Official Referee reported that "substituted service of the summons and complaint was not made in accordance with the provisions of Section 231 of the Civil Practice Act."

The Referee made no formal findings of fact, but his report seems to accept as true the process server's narrative of what happened; although that was disputed by the doorman who denied categorically that the process server had come to the apartment house to attempt to make service.

The Referee's report, that the provisions of section 231 were not complied with, is based on his view that the process server had not "tried to find a person who might accept the papers" and that it is "only if such a person cannot be found" that the papers may be attached to an outside door.

If the process server's narrative of events be taken, and we accept the narrative, as the Referee seems to have done, as

being credible, the substituted service was made in accordance with the statute and with the order.

Admittance " at the residence " of the defendant could not be obtained " upon reasonable application ". If the apartment house, rather than the defendant's own apartment, be deemed his " residence ", and getting in the front door be deemed " admittance ", the process server would be required to leave the process with such a person of suitable age " who will receive it."

The process server testified that the doorman " was very antagonistic to me " and he was of opinion that it would be of " no avail " to offer to leave the papers with him; indeed the doorman himself testified that if such papers were offered to him he would " refuse " to take them.

We think the process server did enough to comply with the order. He could not obtain access to the defendant's apartment. If, as it appears established fully here, the only person found on the general premises in which a defendant lives, not only refuses any aid to the process server, but is antagonistic to the steps intended to effect service, it would seem futile to tender such a person a copy of the papers on the theory that he falls within the statutory definition of a person who " will receive " the process. The process server did what the statute and order permitted then to be done, he attached the papers to the outside door.

The order and judgment vacating the service, dismissing the complaint and granting judgment for defendant should be reversed and the motion denied, with $10 costs.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Order and judgment unanimously reversed, with costs to the appellant and the motion to vacate service of the summons and to dismiss the complaint is denied, with $10 costs, and the defendant is granted leave to answer the complaint in this action within 20 days after the service upon his attorney of a copy of the order with notice of entry thereof.