GEORGE E. McCARTHY, Respondent, *v.* PORT OF NEW YORK AUTHORITY, Appellant.

First Department, May 21, 1968.

112

*Lewis Rosenberg* of counsel (*Francis X. Curley* and *Alan J. Littau* with him on the brief; *Sidney Goldstein,* attorney), for appellant.

*Mario Matthew Cuomo* of counsel (*Wilfred R. Caron* with him on the brief; *Edward M. Edenbaum,* attorney), for respondent.

*Per Curiam.* This is an appeal from a judgment in the sum of $45,000, entered on a decision of the court without a jury. This is the third trial and the second appeal. The first trial, a

jury trial, ended in a jury verdict in favor of plaintiff in the sum of $68,500. The Trial Justice set it aside, and we affirmed that order in 21 A D 2d 125. In the second trial, the jury failed to agree.

Plaintiff, a Fire Captain in the Fire Department of the City of New York, sustained certain injuries on June 8, 1957, after plaintiff and others responded to a call to go to premises 700 West 179th Street, the place where the accident occurred. The accident occurred in the boiler room of the premises.

The duty of a defendant owner with respect to policemen and firemen entering upon its premises is clearly set forth in *Beedenbender* v. *Midtown Props.* (4 A D 2d 276). The court (per BOTEIN, J.) recognized that policemen and firemen are to be treated as a special class, *sui generis*, and neither as invitees nor as licensees. "The duties [of the owner] are twofold. First, the owner is obliged to use reasonable care to keep in safe condition those parts of the premises which are utilized as the ordinary means of access for all persons entering thereon (*Meiers* v. *Koch Brewery* [229 N. Y. 10]). Second, if the owner knows of the presence on the premises of officially privileged persons, such as firemen or policemen, is cognizant of a dangerous condition thereon, and has reason to believe that they are unaware of the danger, he has a duty to warn them of the condition and of the risk involved (*Jenkins* v. *313–321 W. 37th St. Corp.*, 284 N. Y. 397; *Schwab* v. *Rubel Corp.*, 286 N. Y. 525). The owner owes no duty to those privileged to enter irrespective of consent to safeguard those parts of his property not ordinarily utilized for passage through the premises, or to discover potential dangers therein, for the entry thereon by such persons under unusual conditions at any hour of the day or night is not reasonably foreseeable." (*Beedenbender* v. *Midtown Props., supra*, pp. 281–282; see, also, *Skupeen* v. *City of New York*, 29 A D 2d 282.) The means of entrance to the boiler room which this plaintiff used was not the ordinary means of access for persons entering the boiler room. Plaintiff's two companions utilized the ordinary and customary means without harm to their persons and there is no claim that such way was not kept in a reasonably safe condition. Moreover, even as to the means used by plaintiff, there is no showing of any defect or state of disrepair which could, under any circumstances, serve to focus liability upon the owner. As to the second aspect of an owner's duty — the duty to warn of a known dangerous condition unknown to the policemen or firemen entering upon the premises — there is no evidence that defendant knew of and had any opportunity to warn plaintiff of the

alleged dangerous condition and of any possible risk involved. It was not reasonably foreseeable that plaintiff would choose to enter the boiler room by a method or in a manner at variance with that ordinarily adopted, especially when there was no obstacle preventing use of the ordinary means of access. Nor can any liability be predicated upon the apparently brief absence of the superintendent from the premises by a speculation that had he been present a warning would have been given and the accident averted. Section 83 of the Multiple Dwelling Law, which requires that a janitor, housekeeper or other person responsible to the owner reside in multiple dwellings occupied by 13 or more families, or that such person reside in a dwelling not more than 200 feet distant, does not apply to defendant (*Port of New York Auth.* v. *Linde Paper Co.*, 205 Misc. 110). Even if such a statute applied, the superintendent could not reasonably be expected to be in continuous attendance 24 hours a day. This accident occurred within a very brief span of time after plaintiff's entrance upon the premises. Plaintiff has failed as a matter of law to prove a prima facie case. The argument that this court by its prior determination, in effect, ruled to the contrary (21 A D 2d 125) is rejected. We merely affirmed the trial court's decision that a new trial was necessary. We did not pass upon the merits of the case.

Since this action was tried by the court without a jury it is within the province of this court to grant such final judgment as it feels the trial court, upon the evidence, should have granted (*Hacker* v. *City of New York,* 26 A D 2d 400, 403, affd. 20 N Y 2d 722, mot. to amd. remittitur den. 20 N Y 2d 970). The differing versions of plaintiff and his witnesses at the first trial and at the present trial as to facts surrounding this occurrence, the present explanation relative to " forced entry ", the shaking down of the fire, and the record entries with respect to plaintiff's jumping to the boiler room floor, among other things, tax credulity. The credible proof negates plaintiff's contention as to how the accident occurred. As we noted in the *Hacker* case (*Hacker* v. *City of New York, supra,* pp. 403–404) " in any event ' we are not required to give credence to a story so inherently improbable that we are morally certain it is not true.' (*Bottalico* v. *City of New York,* 281 App. Div. 339, 341.) "

Judgment appealed from should be reversed on the law and the facts, the judgment vacated and the complaint dismissed, with costs and disbursements to appellant.

STEVENS, J. P., STEUER, McGIVERN, RABIN and McNALLY, JJ., concur.

Judgment unanimously reversed on the law and the facts, with $50 costs and disbursements to appellant and the complaint dismissed.