Arnold L. Fein, J.
Motions by defendant Harrod Steel Erection Co., Inc., (Harrod) and defendants Martin S. Weseley (Weseley) and Philip A. Barenfeld (Barenfeld) are consolidated for disppsition.
*233 In this consolidated action, plaintiff sues to recover damages for personal injuries allegedly sustained in a construction accident which occurred on August 8, 1963, and for alleged subsequent malpractice during the course" of his treatment for the injuries sustained in the accident. While movants have not supplied the court with copies of all of the pleadings, it appears that Harrod is not a defendant in the actions brought by plaintiff, but was impleaded as a third-party defendant by Gilden Contracting Co. Inc. (Gilden), one of the defendants in the main action, by a third-party complaint alleging that Harrod should be held liable to Gilden in the event Gilden is found liable to plaintiff for the injuries sustained in the accident.
Harrod seeks to amend its third-party answer to assert a cross claim against Victory Memorial Hospital, Weseley apd Barenfeld, all of whom are charged with malpractice in the consolidated action brought by plaintiff.
The sole opposition to Harrod’s motion is by defendant and third-party defendant, Victory Memorial Hospital, which asserts that Harrod’s claim should be barred by laches and that in any event there is no need for a cross complaint because Dole permits “ such contribution among defendants as the case permits ”. (Dole v. Dow Chem. Co., 30 N Y 2d 143.) The claim of laches is without merit. (Musco v. Conte, 22 A D 2d 121.)
Even if Dole be read as authorizing apportionment without a formal pleading requesting such relief, the number of defendants here involved and the differing bases for their alleged liability to the plaintiff and to each other warrant the service of a formal cross complaint such as Harrod proposes. (See Moreno v. Galdorisi, 39 A D 2d 450; Lipson v. Gewirtz, 70 Misc 2d 599.)
Harrod’s liability, if any, is as a joint tort-feasor, one of the original wrongdoers, having acted in concert or concurrently with others allegedly responsible for the original accident and injuries. As such it could be held to respond for all of plaintiff’s damages, including those occasioned by the alleged subsequent malpractice. (Milks v. McIver, 264 N. Y. 267; Derby v. Prewitt, 12 N Y 2d 100.) Its right to contribution or indemnity by way of third-party complaint or cross complaint for so much of the damages as are attributable to the malpractice was established long prior to Dole. (Musco v. Conte, 22 A D 2d 121, supra.) As that ease holds, Harrod and the hospital and doctors are not joint tort-feasors, but, “ rather, tort-feasors whose wrongs were successive and independent ”, giving rise to sepa *234 rate causes of action. (Musco v. Conte, supra, p. 124; see Derby v. Prewitt, supra, p. 105.)
An entirely different issue is presented by the motion of defendants and third-party defendants, Weseley and Barenfeld, for leave to amend their answers to assert cross claims against all of the other defendants and third-party defendants. Only the third-party defendant, Harrod, opposes this motion. As has been noted with respect to Harrod’s motion, Harrod may be held wholly or partially liable for the injuries to plaintiff purportedly caused by the malpractice of defendants Weseley, Barenfeld and Victory Memorial Hospital. Hence Harrod is entitled to cross-claim against them. However, no factual or legal basis is shown, in any of the moving papers or the authorities, on which the doctors could be held liable for the injuries originally caused by Harrod or the other defendants or third-party defendants as original wrongdoers.
Plaintiff is suing to recover damages caused by alleged successive and independent tortious acts committed by the defendants. The doctors can only be required to respond in damages for the consequences of their own negligence in aggravating or failing properly to treat plaintiff for his injuries. (Derby v. Prewitt, 12 N Y 2d 100, supra; Musco v. Conte, 22 A D 2d 121, supra.) There is no legal theory on which any of the other defendants or third-party defendants, with the possible exception of the hospital, could be held liable to indemnify the doctors in whole or in part for their own negligence. Nothing in Dole is to the contrary.
The problem dealt with in Dole is that of ‘1 passing on * * * responsibility ” by way of indemnification, apportionment or contribution among joint tort-feasors. (Dole v. Dow Chem. Co., 30 N Y 2d 143, 147, supra.) Here, as has been noted, the doctors are alleged to be successive, independent tort-feasors. The rule announced in Dole is that “ where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime -defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties ”. (Dole v. Dow Chem. Co., supra, p. 148.)
Thus, whether asserted by way of cross claim, impleader or independent indemnity action, a basis for whole or partial indemnity must be demonstrated. None is shown to exist on behalf of the defendants Weseley and Barenfeld here. To the extent that apportionment or contribution is appropriate it will *235 be available under Harrod’s cross claim herein allowed and under the principles laid down in Musco v. Conte (22 A D 2d 121) and Derby v. Prewitt (12 N Y 2d 100), above cited.
Although only Harrod has opposed the motion, these considerations require that it be denied in- its entirety.
Accordingly the motion by Harrod is granted and the motion by Wesely and Barenfeld is denied.