Arnold L. Fein, J.
Motion by defendant and third-party plaintiff, Avis Rent A Car System, Inc. (Avis), for a protective order vacating and setting aside notice of discovery and inspection served by the third-party defendant William Sparer (Dr. Sparer) is denied.
In this negligence action, plaintiff ¡sues Avis for damages for injuries sustained in an automobile accident by reason of the alleged negligence of the operator of an Avis vehicle. Plaintiff alleges that part of her injuries and damages were sustained by reason of the alleged malpractice of the third-party defendant Dr. Sparer, in the course of his treatment of the plaintiff for the injuries sustained in the accident. Assuming as we must, for purposes of this motion, the truth of plaintiff’s allegations, Avis, the original tort-feasor, could be held to respond for all of plaintiff’s damages including those occasioned by the subsequent malpractice. (Derby v. Prewitt, 12 N Y 2d 100; Milks v. McIver, 264 N. Y. 267; Musco v. Conte, 22 A D 2d 121.)
The Avis third-party complaint alleges a right to recover from Dr. Sparer so much of the damages as Avis may be required to pay plaintiff as is based upon Sparer’s alleged malpractice. Although founded on alleged malpractice, the third-party complaint must be construed as a claim for apportionment of damages in a negligence action. (Dole v. Dow Chem. Co., 30 N Y 2d 143; Musco v. Conte, supra; Szarewicz v. Alboro Crane Rental Corp., 73 Misc 2d 232.) The rules requiring the exchange of medical reports in personal injury actions are therefore applicable. In negligence actions, such reports are not entitled to immunity, either as attorney’s work product or as expert’s opinions prepared for litigation.
Accordingly the report of the physical examination of the plaintiff by the doctor for Avis is discoverable under the rules applicable to negligence actions even though the liability of the third-party defendant may be based upon malpractice.