■ F. I. duPONT, GLORE FORGAN & Co., Respondent, v WILLIAM S. CHEN et al., Appellants.—Order, Supreme Court, New York County, entered May 13, 1975, reversed, on the law, without costs and without disbursements, plaintiff-respondent's motion to confirm the referee's report denied, defendant-appellant's motion to set aside service of process granted, and the complaint dismissed. Although there are inherent questions of credibility in the Deputy Sheriff's testimony summarized in the referee's report—the minutes of the hearing were apparently not transcribed—it will be taken at face value as set forth in the dissent. One important item is, however, omitted therefrom: that on the two occasions on which the Sheriff "left his card" he did so by actually slipping it under the door of defendant's apartment itself. It is not understood why, having access to that door, the Sheriff did not, at least on the second visit, affix the summons thereto (CPLR 308, subd 4) instead of himself constituting the doorman as defendant's agent to receive process so as to come within subdivision 2 of the section. Apparently, no evidence was adduced at the hearing to establish any such agency; indeed, the inference to be drawn from the doorman's purported statements would be to the contrary. What the circumstances should have dictated to this experienced process server was a report to counsel so that recourse could have been had to subdivision 5 of the section and the court's direction sought. Nor does it matter that a copy of the summons was actually received by mail. Actual receipt is of no moment in any of the cases cited by plaintiff except where defendants in those cases recognized the service as valid by turning the process over to counsel for answer, or some similar gesture. As has been cogently observed by eminent authority, "Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly comes into the possession of the party to be served *(Clark v. Fifty Seventh Madison Corp.,* 13 A D 2d 693, app. dsmd. 10 N Y 2d 808; *Commissioners of State Ins. Fund v. Singer Sewing Mach. Co.,* 281 App. Div. 867; *Loeb v. Star & Herald Co.,* 187 App. Div. 175, 179; *Beck v. North Packing & Provision Co.,* 159 App. Div. 418, 420–421; *O'Connell v. Gallagher,* 104 App. Div. 492, 493, 495; *Eisenhofer v. New Yorker Zeitung Pub. Co.,* 91 App. Div. 94; contra, *Erale v. Edwards,* 47 Misc 2d 213). A contrary rule would negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received (see *Loeb v. Star & Herald Co., supra; Eisenhofer v. New Yorker Zeitung Pub. Co., supra).*" *(McDonald v Ames Supply Co.,* 22 NY2d 111, 114–115, Breitel [Ch.], J.) Plaintiff has not met its burden of proof as to jurisdiction *(Saratoga Harness Racing Assn. v Moses,* 26 AD2d 486, 490, affd 20 NY2d 733). And, finally, we are constrained to this disposition by our holding in *Jacobs v Zurich Ins. Co.* (53 AD2d 524). An expression of judicial indignation that defendant immured himself will not suffice as a substitute for compliance with the law. Concur—Markewich, J. P., Lupiano

and Yesawich, JJ.; Birns and Nunez, JJ., dissent in a memorandum by Nunez, J., as follows: In my view the defendants were effectively served pursuant to CPLR 308 (subd 2). Concededly, the summons was delivered to the doorman of the defendants' apartment house and a copy mailed to each defendant. Admittedly, the defendants received the mailed copies. Upon defendants' motion to set aside the service, Special Term appointed a special referee to hear and report. The special referee, after hearing the doorman, a Deputy Sheriff and defendant William S. Chen and considering all the evidence before him, found and reported that the deputy had, on September 24 and 26, 1974, attempted to make personal service by calling at defendants' apartment. Receiving no response, on each occasion he left his card with a request that defendants communicate with him. On September 30, 1974 the deputy again visited defendants' apartment house at which time, in the words of the special referee: "he met Israel Martinez, the doorman. He identified himself and inquired about the defendants. The deputy sheriff was told that the defendants received his message, and he [the doorman] would not permit the deputy sheriff to go upstairs. The deputy sheriff then handed the doorman two copies of the summons and complaint for each defendant" and mailed copies to the defendants at their address. The copies were received by the defendants on October 14, 1974. The special referee further found that the deputy was prevented from affixing the process to defendants' door by denying him access to their apartment and that, under the circumstances, service upon the doorman is service upon a person of suitable age and discretion at the dwelling or usual place of abode of defendants. He recommended that defendants' motion to vacate service be denied and Special Term confirmed the report. The referee further found that the defendants knew of the attempts to serve them and for this reason instructed the doorman not to permit the deputy to go to their apartment. In *Merchandise Nat. Bank of Chicago v Lister* (5 AD2d 653) this court held that where a process server had court authorization (required under former Civ Prac Act, but not required under present CPLR 308, subd 2) for substituted service, and a doorman of defendant's apartment house refused to aid the process server and was antagonistic to the steps intended to effect service, the attachment of the papers to the door of the apartment building was sufficient. In the case at bar the papers were handed to the doorman and mailed and received by the defendants. This was sufficient compliance with CPLR 308 (subd 2). The defendants should not be permitted to insulate themselves against service by instructing the doorman not to permit the process server access to their door.