Stewart F. Hancock, Jr., J.
Defendant Baird’s motion to dismiss the first cause of action pursuant to CPLR 3211 (subd [a], par 7) presents a question concerning claimed rights of contribution between independent and successive tort-feasors arising under Dole v Dow Chem. Co. (30 NY2d 143) and CPLR 1401. The plaintiff city is being sued by a fireman who was injured at the scene of a fire when a ladder on a city fire truck collapsed. The fireman asserts the accident was caused by the negligence of the city in, inter alia, failing to maintain and inspect the ladder and failing to warn him of the danger. In its complaint against the defendant’s decedent, the supervising architect during construction of the premises where the fire occurred, the city seeks contribution based on the architect’s negligent inspection of the construction which allegedly caused or contributed to conditions which resulted in the fire. Nowhere does the fireman or the city allege that the negligence of the architect in any way contributed to the fall from the fire truck. Nor do they claim that the fireman’s injuries resulted directly from the fire itself or from any defect in the premises caused by the architect’s negligence. Rather, the city’s contention is that, if it is liable to the fireman for providing a defective ladder at the scene of the fire, it should receive contribution from the defendant for any damages it must pay because the architect created the conditions which caused the fire where the accident happened. But for the fire, the city argues, the fireman would not have used the ladder; the ladder would not have collapsed; and the city could not be held in damages.
Assuming the facts in the city’s complaint to be true, there *208 can be no basis for Dole v Dow Chem. Co. or CPLR 1401 contribution.
Concededly, "Dole now permits apportionment * * * regardless of the degree or nature of the concurring fault” (Kelly v Long Is. Light. Co., 31 NY2d 25, 29), and the intent of CPLR 1401 is "to expand the right of contribution to include not only joint tortfeasors, but also concurrent tortfeasors, successive and independent tortfeasors, and alternative tortfeasors.” (McLaughlin, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 1401, p 203.) This does not mean, however, that in every case when the plaintiff has claims against two or more tort-feasors arising out of the same accident or injuries, there necessarily exists a right of contribution. There must be some jural relationship between the allegedly tortious actions of the parties so that it is possible that one may be held legally responsible in whole or in part for damages caused or contributed to by the conduct of the other.[1] A coincidence of conduct of the tort-feasors is required to the extent, at least, that it can be said that the actions of each had some direct causal connection with the happening of the same accident or occurrence[2] or that the conduct of one — even though related to a different and separate occurrence — created or increased the damages for which the other could be liable.[3]
Here, the city cannot claim that the defective condition of the ladder for which it is sued was in any way the fault of the architect. Nor can it be said that the damages that the city may ultimately be bound to pay could be the result, in whole or in part, of the architect’s conduct, except on the theory that there would have been no accident at all if the event calling for use of the ladder — i.e., the fire — had not occurred. Even under the most liberal application of Dole v Dow Chem. Co. there could be no right of contribution under these circumstances. As stated in Ruge v Arden Hill Hosp. (83 Misc 2d 109, 111, supra) a subsequent tort-feasor "should not be permitted to seek apportionment or indemnity from a prior independent tort-feasor whose negligence will never become the responsi *209 bility, in whole or in part, of the subsequent one, and a third-party complaint that seeks to do so is insufficient in law. (See Szarewicz v Alboro Crane Rental Corp., 73 Misc 2d 232.) As was said in that case nothing in Dole is to the contrary.” (See, also, Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, supra.)
An additional question not raised here is whether the defendant could, in any event, be held liable directly to the ñreman — either under the common law or section 205-a of the General Municipal Law — for the injuries sustained in the fall from the defective ladder.[4] If not, there could be no legal basis for contribution because the city’s right to contribution from the architect’s estate is secondary and dependent upon the existence of a valid primary cause of action of the ñreman against the architect’s estate. (Holodook v Spencer, 36 NY2d 35, 51.)
In the second part of its motion, the defendant moves to dismiss the city’s second cause of action seeking reimbursement pursuant to section 207-a of the General Municipal Law for salary, wages and medical and hospital expenses incurred on behalf of the injured fireman. The sole ground urged for dismissal is that the cause of action is barred by the Statute of Limitations inasmuch as the action was commenced more than three years after the architect completed his services. (CPLR 214.) The determination of the motion as to the city’s section 207-a action depends upon whether the right of action of the fireman against the architect would be time-barred. (Cf. City of Buffalo v Maggio, 27 AD2d 635, aifd 21 NY2d 1017.) Because the claims of the fireman against the architect are based on personal injuries arising out of an accident that *210 happened within the three-year period — whether the liability be predicated on common-law negligence or section 205-a of the General Municipal Law — the city’s section 207-a action is timely. The alleged wrong producing the damage is tortious— either negligence or the violation of a statute, ordinance or similar enactment — and consequently "the statute runs from the date of injury”. (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 403, affg 44 AD2d 702; Rivera v Berkeley Super Wash, 44 AD2d 316, 326, affd 37 NY2d 395; McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1975-1976 Pocket Part, CPLR 214, p 37; see, also, Gile v Sears, Roebuck & Co., 281 App Div 95.) The cases such as Sosnow v Paul (43 AD2d 978), relied on by defendant, involve actions for architectural malpractice arising out of a prior professional relationship between the parties. Here, no such relationship existed.
The defendant’s motion to dismiss the first cause of action is granted. The motion to dismiss the second cause of action is denied.

. Margolin v New York Life Ins. Co. (32 NY2d 149); Carrols Equities Corp. v Villnave (76 Misc 2d 205, affd 49 AD2d 672).

. Dole v Dow Chem. Co. (30 NY2d 143, supra).

. Zillman v Meadowbrook Hosp. Co. (45 AD2d 267); Ruge v Arden Hill Hosp. (83 Misc 2d 109); Carrols Equities Corp. v Villnave (supra); cf. Musco v Conte (22 AD2d 121).

. The defendant could not be liable for breach of the common-law duty to warn the fireman of unusual hazards known to be on the premises. No such hazards are alleged. (See Schwab v Rubel Corp., 286 NY 525; McCarthy v Port of New York Auth., 30 AD2d 111.) Under section 205-a of the General Municipal Law an injured fireman has a statutory cause of action for injuries occurring "directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions, and bureaus”. The statutes and ordinances allegedly violated are not referred to in the complaint. (See Cramer v Nuccitelli, 2 Misc 2d 508.) It is not necessary that the plaintiff show the same degree of proximate causal connection to recover under section 205-a as required in a common-law negligence case. (McGee v Adams Paper & Twine Co., 26 AD2d 186, 195, affd 20 NY2d 921; Carrol v Pellicio Bros., 44 Misc 2d 832.) However, it would seem that some practical or reasonable connection between a violation and the injury is required. (McGee, supra, p 195.)