OPINION OF THE COURT
Edward M. O’Gorman, J.
Plaintiff was injured when she fell on an accumulation of water and other slippery substances on the floor of a laundry room in Building No. 24 on defendant owner’s premises. It is one of plaintiffs contentions that because of the faulty design and shaping of the floor and faulty design of the plumbing and drainage installations therein, the said floor failed to remain free of the said water and other substances.
The architects’ building plans were completed on November *57 26, 1969. The building was completed and a certificate of final inspection was sent to the owner on May 7, 1973.
The injury to the plaintiff was sustained on October 30, 1974. On or about October 6, 1977, plaintiff sued, among others, the architects who designed the floor and the building in which the accident happened.
The defendant architects now move to dismiss plaintiff’s cause of action as against them, on the ground that the three-year Statute of Limitations applicable to actions sounding in tort extinguished plaintiff’s right to bring this action on May 7, 1976.
The court finds it unreasonable to apply the Statute of Limitations in this case in such fashion as to hold that the right to recover for the alleged injury was extinguished prior to the time that the injury was sustained, and prior to any time that the plaintiff could have commenced an action to recover damages therefor. Such a result would be unconscionable (see Sosnow v Paul, 36 NY2d 780, 782, commenting on the dissent in the court below).
Unlike Sosnow (supra), the plaintiff in the present case is not the owner of the premises, but a third party who was injured by the alleged negligence of the architects, with whom she had no prior relationship.
With respect to defendants’ argument that to fail to bar this action would permit suits in similar cases for injuries which might not be sustained for years after the completion of the building involved, the court should point out that such a result might also follow from the application of the rule in MacPherson v Buick Motor Co. (217 NY 382). The principle of liability set forth in MacPherson (supra) has also been held to be applicable in cases involving architects (see Inman v Binghamton Housing Auth., 3 NY2d 137).
Reliance is placed by defendant architects on Sears, Roebuck & Co. v Eneo Assoc. (43 NY2d 389), Matter of Paver & Wildfoerster (Catholic High School Assn.) (36 NY2d 669) and Naetzker v Brocton Cent. School Dist. (41 NY2d 929). However, these are all cases in which the plaintiff is the owner of the building and had brought suit against the architect for the failure of performance on the part of the architect. The brief opinion in Cortes v Eaton Corp. (Kings County, Index No. 5802/77), cited by defendants, fails to indicate the nature of the cause of action there involved or what the significant underlying facts might be.
*58 In view of the foregoing, the motion to dismiss the complaint herein will be denied. (See, also, City of Utica v Holt, 88 Misc 2d 206, 210.)