■ ROBERT EVANS, Respondent, v MARGARET SEDGWICK, Appellant.— Order, Supreme Court, New York County, entered February 9, 1978, denying defendant's motion to dismiss the complaint, finding that there was valid substituted service of process pursuant to CPLR 308 (subd 4) on defendant on May 19, 1977, unanimously reversed, on the law and the facts, without costs or disbursements, and the motion granted to dismiss the complaint as time barred. Contrary to the holding of Special Term, the defendant's eventually receiving the summons does not validate improper service (*McDonald v Ames Supply Co.*, 22 NY2d 111; *Jacobs v Zurich Ins. Co.*, 53 AD2d 524). Defendant's apartment is on the fourth floor of 11 Gramercy Park South. It thus became imperative for the process server to nail under CPLR 308 (subd 4) on the door of the apartment unless stopped at the door of the apartment building (*duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794; *Merchandise Nat. Bank of Chicago v Lister*, 5 AD2d 653; 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, CPL 308, C308:2). There is no claim here that the door of defendant's apartment was not available—the plaintiff himself resides on the same floor—but we find the process server's contention that he nailed on the apartment door unworthy of belief. On the traverse to the summons he testified that he nailed on both the apartment and the building doors, but, although an experienced process server, he could give no satisfactory explanation why he nailed on the building door when able to effect sufficient service by nailing on the other. Although able to describe the building door, he was unable to describe the apartment door. Defendant's husband testified that he found no summons on the apartment door. Another witness, Mr. Williams, who took the summons from the building door and slipped it under the apartment door—the summons defendant eventually received—found no process attached to the apartment door. Most conclusively, the affidavit of service makes no mention of the apartment door but recites only nailing to the door of 11 Gramercy Park South. The incredibility of the proof offered by the process server avoids the necessity for a remand for further findings (*McCarthy v Port of New York Auth.*, 30 AD2d 111, 114). Concur—Evans, Markewich, Lynch and Sullivan, JJ.

Kupferman, J. P., concurs in the result only.