## CIRCUIT COURT OF THE CITY OF RICHMOND

Cecil W. Pearson

    v.

Canada Contracting Co., Inc.,
Ethyl Corporation, and
C. S. Lewis

Case No. LE-608

By JUDGE WILLARD I. WALKER

January 13, 1983

This case involves the question of what liability, if any, is owed by the possessor of a premises to public officials who enter thereon lawfully and in the performance of public duty without the express permission or invitation of the possessor.

This matter is before the court upon defendants' motions for summary judgment based upon a stipulation

of facts between the parties. In view of the decision reached herein, it may be necessary to distinguish among the liability positions of Ethyl Corporation (owner), Canada Contracting Company, Inc. (general contractor), and C. S. Lewis (subcontractor).

The stipulation of facts is attached to and made a part of this opinion. The usual principal in summary judgment decisions will be adhered to, to wit: there must be no material issue of fact in dispute.

Everyone agrees that the Supreme Court of Virginia has not previously ruled upon the issue in this case. Although the court has classified firemen as *"sui generis"* in the case of *Chesapeake & Ohio Ry.* v. *Crouch*, 208 Va. 602, 159 S.E.2d 650 (1968), the *Crouch* case dealt with the liability of the originator of the fire to a fireman injured as a result of the normal hazard of fire fighting.

Counsel for the defendants urge upon the court the case of *Shypulski* v. *Walkdorf Paper Products Co.*, 232 Minn. 394, 45 N.W.2d 549 (1951), a decision that would almost immunize a possessor of a premises from any liability to firemen, policemen, and the like, unless the possessor saw the danger at hand and failed to warn the potential victim. (This case was also overruled in *Armstrong* v. *Mailand*, 284 N.W.2d 343 (Minn. 1979), although a strong argument could be made that the action of the Minnesota court in *Mailand* was due in whole or part to a change in Minnesota's law with respect to the classification of those who enter upon land, an action not presently taken in Virginia.)

Counsel for the plaintiff would have this court adopt, without change or modification, the statement contained in the Restatement of the Law, Torts, 1st ed.[1]

---

[1] Section 345. Dangerous Conditions Known to Possessor.

A possessor of land is subject to liability for bodily harm caused by a natural or artificial condition thereon to others who are privileged to enter the land for a public. . . purpose, irrespective of his consent, if he

(a) knows that they are upon the land or are likely to enter it in the exercise of their privilege, "and"

(b) knows of the condition and realizes that it involves an "unreasonable" risk to them and "has no reason to believe that they will discover the condition or realize the risk, and"

(c) fails to exercise reasonable care

(i) to make the condition reasonably safe "or"

Under this rule (as well as Restatement of the Law, Torts, 2d ed.[2]) an awesome duty of prevision and ultimate exposure is placed upon possessors of premises in all cases.

The rule to be followed in Virginia, based on public policy and other considerations is as follows:

A possessor of premises is subject to liability for bodily harm caused by a natural or artificial condition thereon to others who are privileged to enter upon the premises for a public purpose without the consent of the possessor, if the possessor:

(a) knows that they are upon the premises or are likely to enter upon it in the exercise of their privilege, and

(b) knows of the condition and should realize it involves unreasonable risk to them, and

(c) should have expected they would not discover or realize the risk, and

(d) fails to exercise reasonable care

    (i) to make the condition reasonably safe or

    (ii) to warn them of the condition and risk involved therein.

However, if the bodily harm results from conditions on the premises involving construction or demolition activities, and if persons privileged to enter upon the

---

(ii) to warn them of the condition and the risk involved therein. (Emphasis added by quote marks.)

[2] Section 345. Persons Entering in the Exercise of a Privilege.

(1) Except as stated in Subsection (2), the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose and irrespective of the possessor's consent, is the same as the liability of a licensee.

Section 342. Dangerous Conditions Known to Possessor.

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to take the condition safe, or to warn the licensees of the condition and risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

premises for a public purpose know, or in the exercise of reasonable care should know, that such activities are being conducted thereon, then the possessor is not liable, unless the possessor has:

(i) actual notice of the premises condition which caused the bodily injury, and

(ii) actual knowledge of the presence on the premises of persons so privileged, and

(iii) having obtained such notice and knowledge as set forth in (i) and (ii) above, fails to use reasonable care to warn the persons so privileged.[3]

Although I will not analyze the many cases relied upon by me in reaching this decision, counsel are referred to the following cases.

*Bush* v. *Gaglio*, 207 Va. 343, 150 S.E.2d 110 (1966).

*Meiers* v. *Fred Koch Brewery*, 229 N.Y. 10, 127 N.E. 491 (1920).

*Breedenbender* v. *Midtown Properties, Inc.*, 4 A.D.2d 276, 164 N.Y.S.2d 276 (1967).

*Krauth* v. *Geller*, 31 N.J. 270, 157 A.2d 129 (1960).

*Schwab* v. *Rubel Corp.*, 286 N.Y. 525, 37 N.E.2d 234 (1941).

The stipulation of facts in this case includes the following statement:

1. The plaintiff was a firefighter, privileged to be upon the premises in question but not expressly invited thereon.

2. The building upon the premises, a defective condition of which caused the plaintiff's injury, was in the process of being demolished.

3. The plaintiff had been upon the premises upon prior occasions because of fires and was well aware that the demolition activity was taking place.

---

[3] This rule in no way attempts to speak to the common law doctrines of assumption of risk or contributory negligence. I have made no attempt to announce a rule applicable to building inspectors and those persons who are upon the premises during construction or demolition carrying out their public duty to inspect the property. Nor have I attempted to spell out the liability to members of the general public who might be injured near a construction or demolition site because the person in possession of the land fails to comply with governmental ordinances or fails otherwise to exercise reasonable care.

There are difficulties in applying the above-stated rule to the stipulations as they are now phrased. Stipulation 12 reads as follows: "There is no *present* evidence available that suggests the defendants were on the premises when the plaintiff was extinguishing the fire or that defendants had actual knowledge of the *plaintiff's presence* when he was injured." (Emphasis added.)

Because of the extent to which the stipulation is qualified, summary judgment cannot be granted in this case. However, based upon the evidence which I understand the parties intend to present, the plaintiff is going to ultimately be faced with a motion to strike under the rule which I have announced herein. The following evidence is absent:

1. Whether any of the possessors had actual notice of the premises condition which caused the bodily harm;

2. Whether any of the possessors had actual knowledge of the presence on the premises of persons who were privileged, i.e., other firemen, and not the specific plaintiff in this case;

3. Whether, having such notice of the condition of the premises and such knowledge of the presence of those persons privileged to be on the premises, the possessor(s) also had a reasonable opportunity at that time to warn the persons with the privilege.

Contrary to the actual facts in the *Shypulski* case, it would not be necessary for the possessor to be actually physically upon the property in order for the provisions of the rule to create a case of liability. For example, someone could call the possessor of the premises advising the possessor that firemen were about to enter upon the premises. The possessor, knowing there was a serious risk condition on the property and knowing that the firemen would not realize that the condition existed, could, even in the construction and demolition cases, be required to give a warning.

The facts of the case at bar do not appear to be close to the example stated, but the stipulation simply does not cover enough to enable me to rule as a matter of law that the plaintiff in this case has no cause of action.

It should be pointed out that the duty on the part of the possessor of the premises to warn the public officials privileged to be upon the premises only becomes applicable in demolition or construction cases where

the possessor has actual knowledge of the risk and actual knowledge of the presence upon the premises of the persons privileged. Thus, the fact that the possessors of the premises in this case may have known that firemen might likely come upon the premises, does not impose upon them a duty to give a general warning to the fire department about a known dangerous condition on the premises. Only when the possessor knows that the risk is present and that the firemen are upon the premises is he required to give warning; and then he is only required to use reasonable care to see that a warning is given.

I am reasonably convinced that once all of the facts are presented, either in the form of stipulations or trial, I will find no liability upon any of the defendants as a matter of law; but on the present posture of the stipulations, that is not possible.

I have not given further consideration to a ruling on the demurrer. If counsel feel that such a ruling is necessary, please let me know.