■ MARIA MARTINEZ, Appellant, v CHURCH OF ST. GREGORY, Respondent. [690 NYS2d 29] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about April 9, 1998, which, in an action for personal injuries sustained on defendant religious corporation's premises, granted defendant's motion to confirm the Special Referee's report that the court lacked jurisdiction over defendant due to improper service, denied plaintiff's cross motion to reject the report, and granted defendant's underlying motion to vacate the default judgment entered against it and dismiss the complaint, unanimously affirmed, without costs.

No reason appears for disturbing the Special Referee's credibility finding that defendant's employee, a 16-year-old part-time receptionist, never stated to plaintiff's process server that he was authorized to accept service of process on defendant's behalf (*see, Nager v Panadis*, 238 AD2d 135). Nor does it appear why the process server should have otherwise supposed that the receptionist was authorized to accept service of process (*see, Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 273), or that a person who was so authorized was resisting service (*cf., Austrian Lance & Stewart v Rockefeller Ctr.*, 163 AD2d 125, 128-129). It does not avail plaintiff that the receptionist immediately delivered the process to an authorized person (*see, Fashion Page v Zurich Ins. Co., supra*). Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.