■ Christe Arvanitis, Appellant, v Bankers Trust Company, Respondent. [729 NYS2d 706] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 20, 2000, which, in an action for fraud, conversion and breach of contract against a bank, granted defendant's motion to dismiss the complaint on the ground that it was not properly served, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff's process server testified at the traverse hearing that the security guard in the lobby of defendant's building told him that service of process was handled at the windows in the basement, and that upon going downstairs, he asked a young woman behind the middle of three windows whether she would accept service of process, to which she replied, "I'll take it." The process server's failure to ask either the security guard or the woman behind the window for their names is not significant here, particularly since defendant's actual receipt of the summons and complaint served in this manner confirms the process server's account of the manner of his service. Nor was it incumbent upon the process server to verify the particular employment status of the individual to whom he was directed before delivering the papers to her.

Defendant offered testimony explaining that the people who work behind the windows in the basement merely facilitate mail and hand deliveries, but are not authorized to accept service of process because they are employed by an outside vendor, and that its practice was to have lobby security notify the legal department on the 31st floor of the presence of process servers. Upon this ground, the IAS court held for defendant. However, regardless of defendant's usual and intended procedure, it is the process server's reasonable belief that is the crucial factor (*see, Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 273). There is no reason to conclude that it was anything but reasonable for him to rely upon the claim of authority made by the woman

behind the window, to whom he had been directed (*see, American Home Assur. Co. v Morris Indus. Bldrs.*, 176 AD2d 541, *lv dismissed* 79 NY2d 851). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.