*373 OPINION OF THE COURT
Lewis L. Douglass, J.
This is a CPLR article 78 proceeding in which petitioner seeks to annul a determination of the New York State Department of Motor Vehicles finding that the petitioner was guilty of operating an overweight truck under Rules of City of New York Department of Transportation (34 RCNY) § 4-15 (b) (9) and (10) on the grounds that service of the ticket was improper.
Section 311 (a) (1) of the CPLR provides that service on a corporation must be made by service on a managing agent or officer of the corporation.
It is obviously more efficient to hand a ticket to the driver when a truck is stopped on a highway. For this reason, section 385 (20-a) of the Vehicle and Traffic Law, governing the issuance of tickets for overweight trucks, provides for a deviation from the normal service requirement and permits service on the driver. In this case, however, the charge in the ticket is not a violation of section 385 (20-a) but, rather, the charge is a violation of New York City’s regulations governing overweight trucks, section 4-15 (b) (9) and (10).
It is well established that the public policy of this state requires strict compliance with the service requirements. (See, McDonald v Ames Supply Co., 22 NY2d 111 [1968]; F.I. duPont, Glore Forgan & Co. v Chen, 53 AD2d 812 [1976].) There is no statute or city regulation authorizing deviation from the normal service process when tickets are issued for violation of city regulations governing overweight trucks. There is no rule of law which allows judges or commissioners to create a new service procedure, even if the new procedure might be more efficient.
The hearing examiner held that since a violation of the city regulation is also a violation of the state regulation, the service provisions in the state statute may be used when issuing a ticket charging a violation of a city regulation, citing Matter of Fast Container Serv. Corp. v State of N.Y. Dept. of Motor Vehicles Traffic Violations Bur. Appeals Bd. (232 AD2d 413 [1996]). That case dealt with the question of whether a violation of a city regulation is also in violation of a state statute. It had nothing to do with how service is to be made.
The best confirmation of the validity of the conclusion reached here is that when the state found it inefficient to be required to serve the owners of trucking companies, it applied *374 to the Legislature for a deviation from the normal service requirements. The Legislature responded with Vehicle and Traffic Law § 385 (20-a) authorizing service on the drivers. The city has either made no request for such a change or the Legislature has refused to make the change. In either event, there is no statutory authority that permits service different from the service procedures set forth in CPLR 311 (a) (1).
Thus, the petition is granted. Respondent’s determination is accordingly annulled.