■ MARILYN LOMBAY, Appellant, v BIRDIE PADILLA et al., Respondents. [895 NYS2d 503]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), entered April 8, 2009, as, upon a decision of the same court (Pizzuto, J.H.O.), dated March 6, 2009, made after a hearing, granted that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly slipped and fell on the sidewalk in front of premises located at 290 Broad Street on Staten Island. In July 2007 the plaintiff commenced this action against Birdie Padilla, the owner of the premises, and Rollins Rite Auto Repair & Tire Center (hereinafter the corporation), which allegedly leased the property from Padilla and operated an auto repair shop there. After the defendants failed to appear in the action or answer the complaint, a default judgment was entered against them on or about June 10, 2008. The plaintiff moved to restrain the defendants from dissipating, secreting, or transferring their assets, and the defendants cross-moved, by notice dated July 14, 2008, to vacate the default judgment and, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

At a hearing to determine the propriety of service, process server Abraham Franco testified that he attempted to serve Padilla by knocking on the front door of her home at 86 Vanderbilt Avenue, Staten Island, on three occasions: Friday, September 28, 2007 at 10:22 A.M., Saturday, September 29, 2007, at 1:30 P.M., and Monday, October 1, 2007, at 6:30 P.M. As Franco explained it, on the third occasion, after receiving no response, he affixed a copy of the summons and complaint to the front door, and later mailed a copy to the same address (*see* CPLR 308 [4]). The defendants presented evidence at the hearing, however, that Padilla lived in an apartment at 86 Vanderbilt Avenue that was not accessible from the front door.

Also at the hearing, process server Judith Rogers testified that she attempted service on the corporation by walking inside the premises at 290 Broad Street, and asking for a manager. According to Rogers, a man nodded his head and, after Rogers told him that she had legal papers for the corporation, he accepted them and identified himself as "Joe Castro." The defendants presented evidence at the hearing that the name of the corporation that leased the premises and operated the auto repair shop was actually "Rollin' Rite Tire and Auto Parts Center, Inc.," that Padilla was its sole owner, shareholder, and agent for service of process, and that Padilla neither employed nor knew anyone by the name of "Joe Castro." Padilla testified that she first became aware of the commencement of this action after

the default judgment had been entered, and after her bank notified her that her accounts had been frozen.

Upon excusing the defendants' default and vacating the judgment entered thereon, the Supreme Court found that the service upon both Padilla and the corporation was improper, and granted that branch of the defendants' cross motion which was, in effect, to dismiss the complaint. We affirm.

With respect to the attempted service upon Padilla, the plaintiff failed to establish that Franco exercised "due diligence" in trying to effectuate service pursuant to CPLR 308 (1) or (2) before service by the "affix and mail" method was employed (*see* CPLR 308 [4]; *Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 888 [2009]; *County of Nassau v Long*, 35 AD3d 787, 787-788 [2006]; *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]; *O'Connell v Post*, 27 AD3d 630, 630-631 [2006]). Service was also improper upon Padilla for the additional reason that the summons and complaint were not affixed to a door that led to Padilla's apartment (*see Ariowitsch v Johnson*, 114 AD2d 184, 185-186 [1986]; *Evans v Sedgwick*, 66 AD2d 700 [1978]; *cf. Marrero v Wolffe*, 60 AD2d 596 [1977]).

With respect to the corporation, it is undisputed that this defendant was misnamed on the summons and complaint (*see Guarino v West-Put Contr. Co.*, 289 AD2d 290 [2001]). Moreover, service was not made upon an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 311 [a] [1]). Contrary to the plaintiff's contention, the corporation did nothing to cloak "Joe Castro" with apparent authority to accept service on its behalf (*see Global Connect Strategic Voice of Broadcasting, Corp. v Oxford Collection*, 50 AD3d 737, 737-738 [2008]; *Martinez v Church of St. Gregory*, 261 AD2d 179, 180 [1999]; *Ainbinder v R.C.R. Contr.*, 204 AD2d 582, 583 [1994]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.