■ LANDAUER LIMITED, Appellant, v JOE MONANI FISH CO., INC., Respondent. [958 NYS2d 42]—

Plaintiff failed to carry its burden of demonstrating, by a preponderance of the evidence, that service of papers in the English action was properly made upon defendant, a New York corporation, in accordance with CPLR 311 (a) (1) (*see Forrester v Luisa*, 52 AD3d 324, 324 [1st Dept 2008]). Plaintiff's process servers testified that upon arriving at the building referred to in the affidavits of service and not locating defendant's name in the directory, they were directed by an individual who was mopping the floor to a particular office said to belong to defendant. Although the door to that office did not bear defendant's name, the process servers nonetheless delivered a copy of the papers to the only individual present in the office, without specifically asking that person if he was employed by defendant or authorized to receive service on defendant's behalf (*see* CPLR 311 [a] [1]; *see also Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 273 [1980]). Under the circumstances, plaintiff's process servers did not have a reasonable basis for believing that the individuals served were authorized to accept service of process on defendant's behalf (*see Arvanitis v Bankers Trust Co.*, 286 AD2d 273, 273 [1st Dept 2001]; *Martinez v Church of St. Gregory*, 261 AD2d 179, 180 [1st Dept 1999]).

The court indicated that it had considered all the testimony, exhibits and affidavits of service. In any event, even if the court did not consider certain exhibits submitted by plaintiff, there was no error, as the exhibits were submitted for the first time in plaintiff's reply (*see Schultz v Gershman*, 68 AD3d 426, 426 [1st Dept 2009]). Moreover, the evidence does not establish proper service pursuant to New York law. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.