De La Cruz Beras v Alan Rena Realty Corp. (2021 NY Slip Op 00111)





De La Cruz Beras v Alan Rena Realty Corp.


2021 NY Slip Op 00111


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 22978/19 Appeal No. 12832 Case No. 2020-03724 

[*1]Joanne De La Cruz Beras, Plaintiff-Appellant,
v
Alan Rena Realty Corp., Defendant-Respondent.


Sullivan & Brill, LLP, New York (James Healy of counsel), for appellant.
Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains (Daniel E. O'Neill of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about July 1, 2020, which, inter alia, granted defendant's motion to dismiss the complaint for lack of personal jurisdiction and denied plaintiff's cross motion to extend the time to effect service or deem the summons and complaint timely served nunc pro tunc, unanimously reversed, on the law and in the exercise of discretion, without costs, defendant's motion to dismiss denied and plaintiff' cross motion granted to the extent of deeming the summons and complaint timely served nunc pro tunc.
According to the process server's affidavit, he went to the listed corporate address and left the summons and complaint with an individual who represented that he was the managing agent and authorized to accept service on defendant's behalf. Under these circumstances, the process server reasonably believed that the individual was authorized to receive service. Therefore, plaintiff made out a prima facie case of proper service (see Arvanitis v Bankers Trust Co., 286 AD2d 273 [1st Dept 2001]; Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3D 765, 767 [2d Dept 2009]; compare Martinez v Church of St. Gregory, 261 AD2d 179, 180 [1st Dept 1999]).
Defendant failed to rebut the presumption of proper service. There is no affidavit by the individual who was served at the corporate address alleging that he was not authorized to accept service on behalf of the corporation or that he was not served with the papers. Accordingly, because defendant failed to rebut the presumption of proper service, a traverse hearing is not required (Bank of Am., N.A. v Diaz, 160 AD3d 457, 458 [1st Dept 2018]).
Furthermore, even if initial service was improper, good cause and the interest of justice warranted granting plaintiff's cross motion for an extension of time or deeming late service timely nunc pro tunc (see CPLR 306-b). In addition to plaintiff's earlier diligent attempts to effect service, plaintiff attempted to cure service and requested the extension less than a month after defendant moved for summary judgment, and defendant did not show that it was prejudiced by the late service (see Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 431 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021