■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v ELIYAHU DABACH et al., Respondents.—In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated March 14, 1990, which denied the application.

Ordered that the judgment is reversed, on the law, with costs payable by the respondent Zurich Insurance Company, the petition is granted, and arbitration is stayed.

The petitioner's insured was injured in an accident with a vehicle that was owned by a church and operated by Mark A. McIntyre. At the time of the accident, the church's vehicle was insured by the respondent Zurich Insurance Company (hereinafter Zurich), and the parties do not dispute that McIntyre was an insured under the policy's omnibus clause (see, Insurance Law § 3420 [e]; Sperling v Great Am. Indem. Co., 7 NY2d 442). Upon first learning of the accident from the injured party nine months after the occurrence, Zurich sent a letter to the church and to the injured party's attorneys disclaiming coverage. No notice of disclaimer was sent to McIntyre. The petitioner commenced this proceeding to stay arbitration when its insured demanded arbitration of his claim for uninsured motorist benefits under his policy.

Insurance Law § 3420 (d) requires that a written notice of disclaimer of liability or denial of coverage must be given to the "insured and the injured person or any other claimant". We reject Zurich's contention that the statute requires notice only to the named insured and that therefore it was not required to give notice to McIntyre. No such qualification of the word "insured" appears in Insurance Law § 3420 (d).

Pursuant to the literal words of the statute, Zurich was required to provide written notice to McIntyre as an insured under the church's policy. We do not find that this literal interpretation of the statute is contrary to its purpose, which is to avoid prejudice to the insured and injured claimants from delay in learning of the carrier's position. Nor is the result we reach unjust since it does not require a carrier to provide coverage which was not contracted for or for which no premiums were paid (see, Zappone v Home Ins. Co., 55 NY2d 131). Zurich's failure to send a timely notice of disclaimer to McIntyre precludes an effective disclaimer of coverage (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028), and the petition to stay arbitration should have been granted.

In view of our determination, we have not addressed the petitioner's remaining contentions. Kunzeman, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.