■ In the Matter of PATRICIA J. GRIFFIN, Also Known as PATRICIA J. GAFFIGAN, Respondent, v DANIEL B. GRIFFIN, Appellant. [625 NYS2d 656] —In a proceeding pursuant to Family Court Act article 6, Daniel B. Griffin appeals from an order of the Family Court, Westchester County (Bellantoni, J.), dated April 28, 1993, which denied his motion to vacate a prior order of the same court, dated June 25, 1992, entered upon his default which, *inter alia,* granted the application of Patricia Griffin to delete a provision from the parties' amended judgment of divorce which had prohibited her from moving with the parties' children on a permanent basis outside of a 50 mile radius of Valhalla, New York, without first obtaining the permission of the court or the appellant.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing on the appellant's motion to vacate his default.

Ordinarily, a proper affidavit of a process server attesting to personal delivery of a summons to a party is sufficient to support a finding of jurisdiction. Where, however, as here, there is a sworn denial of service by the party allegedly served, the affidavit of service is rebutted and jurisdiction must be established by a preponderance of the evidence at a hearing *(see, Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135). Accordingly, the Family Court erred in denying the motion to vacate the appellant's default without conducting a hearing on the issue of whether proper service had been effectuated and whether the appellant had a meritorious defense to the petition *(see, Matter of Tauber v Tauber,* 152 AD2d 674; *D'Alleva v D'Alleva,* 127 AD2d 732). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.