■ JAMES KAPSIS, as Chairman of Nassau County Interim County Organization of the Independence Party of New York, Appellant, v BONNIE GREEN et al., Respondents. [727 NYS2d 895] —In an action, *inter alia*, to permanently enjoin the defendant Bonnie Green and those acting in concert with her from holding a meeting in violation of the rules of the New York State Committee of the Independence Party and Election Law § 6-120, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), entered July 21, 2000, which, after a hearing, found that jurisdiction had not been obtained over the defendant Bonnie Green, and dismissed his motion for, *inter alia*, injunctive relief, and (2), as limited by his brief, from so much of an order of the same court, entered August 17, 2000, as, in effect, upon granting renewal, adhered to the original determination.

Ordered that the appeal from the order entered July 21, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order entered August 17, 2000, made upon renewal; and it is further,

Ordered that the order entered August 17, 2000, is affirmed insofar as appealed from, without costs or disbursements.

By order to show cause dated July 7, 2000, the plaintiff was granted a temporary restraining order enjoining the defendant Bonnie Green and those acting in concert with her from holding a meeting on that evening for the purpose of voting on whether to remove the plaintiff from office. Pursuant to its terms, the order to show cause, its supporting papers, and the summons and complaint were to be served upon Green by personal service pursuant to CPLR 308 (1). However, the meeting was held as scheduled, and the vote removed the plaintiff from office. The plaintiff argued that the meeting and vote were void, as they were held in violation of the temporary restraining order. The Supreme Court, after a hearing, found that jurisdiction had not been obtained over Green before the meeting and vote, and dismissed the plaintiff's motion for, *inter alia*, injunctive relief. We affirm.

If a defendant resists service of process, service may be effected pursuant to CPLR 308 (1) by leaving a copy of the summons in the defendant's general vicinity, provided that the defendant is made aware that he or she is being served (*see, Bossuk v Steinberg,* 58 NY2d 916; *Haak v Town of Wheatland,* 86 AD2d 961). Here, we find no basis to disturb the Supreme Court's determination that, although the order to show cause with the other papers annexed were left in Green's general vicinity, Green was not made aware at the time that she was being served with process. Thus, jurisdiction was not obtained over Green before the meeting and vote. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.