*779 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously reversed without costs and plaintiffs’ motion for summary judgment as against American Transit Insurance Company granted.
Plaintiffs commenced this action against defendants insurers, pursuant to Insurance Law § 3420 (a) (2), after obtaining a personal injury judgment against defendants’ insureds, which remained unsatisfied for 30 days. American Transit Insurance Company (American) received notice of the instant action on or about February 1, 2000 and interposed its answer on or about February 8, 2000. In its answer, American asserted disclaimer as an affirmative defense, and served a letter of disclaimer on the plaintiffs on March 17, 2000.
Insurance Law § 3420 (d), which requires that written notice of a disclaimer of liability or a denial of coverage be given as soon as is reasonably possible “to the insured and the injured person or any other claimant,” should be literally interpreted (Matter of Eveready Ins. Co. v Dabach, 176 AD2d 879). Delays of 41 days have been held to be unreasonable as a matter of law (Matter of Colonial Penn Ins. Co. v Pevzner, 266 AD2d 391; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507).
A review of the record on appeal indicates that plaintiffs sent American a copy of the underlying judgment by mail on March 10, 1999, as evidenced by the affidavit of service. American’s conclusory statements that it did not receive notice of said judgment, however, fail to rebut the presumption of receipt (Matter of Rosa v Board of Examiners, 143 AD2d 351, 352; Engle v Lichterman, 95 AD2d 536). Consequently, American’s service of its answer on February 8, 2000, 11 months after the March 10, 1999 notice, was unreasonable as a matter of law. Moreover, there is no indication that American’s February 8, 2000 answer was provided to anyone other than plaintiffs’ attorney. Therefore, American did not issue a proper disclaimer until it served plaintiffs with its March 17, 2000 letter. In addition, even if American could rebut the presumption of receipt and conclusively establish that it did not receive notice of the underlying judgment until this action was commenced, the March 17, 2000 disclaimer occurred 45 days thereafter and such delay was likewise unreasonable as a matter of law. Accordingly, no issues of fact exist and plaintiffs’ motion for summary judgment is granted.
*780 All remaining contentions are without merit.
Aronin, J. P., Golia and Rios, JJ., concur.