■ ROBERT FISCO, Appellant, v PROVIDENT WASHINGTON INSURANCE COMPANY, Respondent. [755 NYS2d 893] —In an action pursuant to Insurance Law § 3420 (b) to recover the amount of a judgment obtained against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 7, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff argues that the defendant insurer had a duty to provide him with notice of its disclaimer. Further, since the defendant failed to serve the plaintiff with a notice of disclaimer, under Insurance Law § 3420 (d) it is now estopped from disclaiming coverage. Insurance Law § 3420 (d) requires an insurer disclaiming liability to give timely written notice of the disclaimer to both the insured and the injured party. Failure to give notice to the injured party will preclude an effective disclaimer of coverage (*see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646 [2001]; *Matter of Eveready Ins. Co. v Dabach,* 176 AD2d 879 [1991]; *John v Centennial Ins. Co.,* 91 AD2d 1104 [1983]).

The defendant insurer claims that it mailed a copy of the disclaimer to the plaintiff's former attorney, while the plaintiff asserts that neither he nor his former attorney ever received it. Thus, there is a question of fact as to whether the disclaimer was ever sent to the injured plaintiff or his attorney. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.