■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent-Appellant, v SUSIE LEACH, Respondent. PROVIDENCE WASHINGTON INS. Co., Additional Appellant-Respondent, et al., Additional Respondents. [789 NYS2d 910]—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, additional respondent Providence Washington Ins. Co. appeals from a judgment of the Supreme Court, Queens County (Rios, J.), dated February 19, 2004, which, after a hearing, granted the petition and permanently stayed uninsured motorist arbitration, and the petitioner Allstate Insurance Company cross-appeals from stated portions of the same judgment.

Ordered that the cross appeal by Allstate Insurance Company is dismissed, as it is not aggrieved by the judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to Allstate Insurance Company payable by Providence Washington Ins. Co.

The cross appeal by Allstate Insurance Company (hereinafter Allstate) must be dismissed because it is not aggrieved by the judgment. However, on the appeal by Providence Mutual Ins. Co. (hereinafter Providence), Allstate's argument that uninsured motorist arbitration must be stayed on the ground that Providence failed to provide a notice of disclaimer to the driver of its insured's vehicle is considered an alternate ground for af-

firmance (*see Fernandez v Stepping Stone Day School*, 291 AD2d 530, 531 [2002]). We affirm the judgment granting the petition for a permanent stay of uninsured motorist arbitration on this alternate ground (*see* Insurance Law § 3420[e]; *Matter of Eveready Ins. Co. v Dabach*, 176 AD2d 879 [1991]).

The parties' remaining contentions are improperly raised for the first time on appeal. Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.