■ PROFESSIONAL BOOKKEEPER, INC., Appellant, v L&L NEW YORK FOOD CORP., Respondent, et al., Defendant. [795 NYS2d 473]—

In an action for replevin, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 17, 2004, as granted those branches of the motion of the defendant L&L New York Food Corp. which were to vacate its default in answering the complaint and in responding to the plaintiff's motion for an order of seizure, to vacate the order of seizure dated October 28, 2003, and to direct the return of the seized property to that defendant.

Ordered that the order is reversed insofar as appealed from,

on the law, the facts, and as a matter of discretion, with costs, and those branches of the motion which were to vacate the default in answering the complaint and in responding to the motion for an order of seizure, to vacate the order of seizure dated October 28, 2003, and to direct the return of the seized property to the defendant L&L New York Food Corp., are denied.

Contending that the summons and complaint and the plaintiff's order to show cause on its motion for an order of seizure were not properly served, the defendant L&L New York Food Corp. (hereinafter the defendant) moved to vacate its default in answering the complaint and in responding to the motion, as well as to vacate the order of seizure dated October 28, 2003, that was entered on its default, and to dismiss the complaint for lack of personal jurisdiction. Finding both an excusable default and a meritorious defense, the Supreme Court, inter alia, vacated the order of seizure dated October 28, 2003. In addition, the Supreme Court, inter alia, directed that a hearing be held on the issue of service.

A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Kolajo v City of New York,* 248 AD2d 512 [1998]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]). Although the defendant arguably has a meritorious defense, it asserted no reasonable excuse for its default other than its claim of improper service. Since that is the issue with respect to which the Supreme Court ordered a hearing, the court had no basis upon which to vacate the default until the issue regarding service was determined at that hearing (*see Verille v Kopic,* 304 AD2d 823 [2003]; *Matter of Griffin v Griffin,* 215 AD2d 386 [1995]; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135 [1986]). Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the defendant's motion which were to vacate the default, to vacate the order of seizure dated October 28, 2003, and to direct the return of the seized property. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.