■ TANI SIME, Appellant, v SUDHVINDER LUDHAR et al., Respondents. [830 NYS2d 775]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered May 25, 2006, as granted that branch of the defendants' renewed motion which was to vacate a prior order of the same court entered September 13, 2005 granting his motion for leave to enter a judgment on the issue of liability against the defendants upon their failure to appear or answer, and compelled him to accept the defendants' answer.

Ordered that the order entered May 25, 2006 is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendants' renewed which was to vacate the order entered September 13, 2005 is denied.

In seeking to vacate their default, the defendants were required to demonstrate a reasonable excuse for their delay in appearing and answering the complaint and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]), or, under the circumstances of this case, that service of the summonses and complaints were defective (*see* CPLR 5015 [a] [4]). The defendants' mere denials of proper service of the summonses and complaints were insufficient to rebut the presumption of

proper service created by the affidavits of service and other evidence in the record (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Mauro v Mauro*, 13 AD3d 345, 345-346 [2004]; *Household Fin. Realty Corp. of N.Y. v Brown*, 13 AD3d 340, 341 [2004]; *Carrenard v Mass*, 11 AD3d 501 [2004]). The defendants offered no other excuse for their delay in serving an answer. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' renewed motion which to vacate their default and erred in compelling acceptance of their late answer, especially in the absence of a motion for such relief (*see* CPLR 3012 [d]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *Blam v Netcher*, 17 AD3d 495, 496 [2005]). Crane, J.P., Santucci, Dillon and Balkin, JJ., concur.