**PHILIP T. PEZOLANO et al., Respondents, v INCORPORATED CITY OF GLEN COVE, Defendant, and WILLIBE WILSON, Appellant.** [896 NYS2d 685]—

In an action to recover damages for personal injuries, etc., the defendant Willibe Wilson appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered April 30, 2009, which denied his motion to vacate a judgment of the same court entered June 11, 2008, which, upon an order entered February 13, 2007, granting the plaintiffs' unopposed motion for leave to enter judgment on the issue of liability upon his default in appearing or answering the complaint, and after an inquest on the issue of damages, was in favor of the plaintiffs and against him in the principal sum of $232,000.

Ordered that the order entered April 30, 2009, is affirmed, with costs.

In moving pursuant to CPLR 5015 (a) (1) to vacate the judgment entered against him, the appellant claimed that he was not served with the summons and complaint (*see* CPLR 5015 [a] [4]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]; *Marable v Williams*, 278 AD2d 459 [2000]; *Taylor v Jones*, 172 AD2d 745, 746 [1991]). However, the appellant's unsubstantiated denial of service was insufficient to rebut the presumption of proper service pursuant to CPLR 308 (2) created by the affidavit of service and other evidence in the record (*see Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 733 [2008]; *Sime v Ludhar*, 37 AD3d 817, 817-818 [2007]). Furthermore, the appellant did not swear to any specific facts that would rebut the statements in the process server's affidavit that the summons and complaint were delivered to a person of suitable age and discretion at the appellant's dwelling house or usual place of abode and mailed to the same address (*see Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d at 1327, 1328; *Silverman v Deutsch*, 283 AD2d 478, 479 [2001]). The appellant offered no other excuse for his default in answering the complaint (*see* CPLR 5015 [a] [1]). Accordingly, the Supreme Court properly denied the appellant's motion to vacate the judgment entered against him. Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.