TADCO CONSTRUCTION CORP., Appellant-Respondent, v ALLSTATE INSURANCE Co., Respondent-Appellant. [900 NYS2d 687]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Agate, J.), dated July 15, 2009, as denied its motion for leave to enter a default judgment upon the defendant's failure to answer or appear and granted the defendant's cross motion to vacate its default in answering the complaint, and the defendant cross-appeals from so much of the same order as, after a hearing to determine the validity of service of process, determined that it had been properly served with process.

Ordered that the cross appeal is dismissed, as the defendant is not aggrieved by the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the defendant's cross motion to vacate its default in answering the complaint is denied, the plaintiff's motion for leave to enter a default judgment is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages.

The plaintiff moved for leave to enter a default judgment upon the defendant's failure to answer or appear and the defendant thereafter cross-moved to vacate its default on the

ground that it had not been properly served with the summons with notice. Although the Supreme Court determined, after a hearing, that the defendant had been properly served pursuant to CPLR 308 (2), it vacated the defendant's default and granted the defendant leave to serve an answer.

On appeal, the plaintiff contends that the Supreme Court erred in vacating the defendant's default. In addition, the defendant seeks to challenge by way of cross-appeal the Supreme Court's determination that it was properly served with process. Although the defendant's cross-appeal must be dismissed on the ground that it is not aggrieved by the order vacating its default, the contentions raised by the defendant can be considered as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Matter of Allstate Ins. Co. v Leach*, 15 AD3d 649 [2005]).

In seeking to vacate its default, the defendant was required to demonstrate a reasonable excuse for the default and a potentially meritorious defense (*see Sime v Ludhar*, 37 AD3d 817 [2007]; *Professional Bookkeeper, Inc. v L&L N.Y. Food Corp.*, 18 AD3d 851 [2005]; *Fekete v Camp Skwere*, 16 AD3d 544 [2005]). Contrary to the defendant's contentions, the evidence adduced at the hearing fully supports the Supreme Court's determination that it was properly served with process pursuant to CPLR 308 (2) (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271-272 [1980]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 765 [2009]; *Eastman Kodak Co. v Miller & Miller Consulting Actuaries*, 195 AD2d 591 [1993]).

Since the defendant offered no other excuse for its default, the Supreme Court improvidently exercised its discretion in vacating the default (*see Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970 [2010]; *Sime v Ludhar*, 37 AD3d 817 [2007]; *Professional Bookkeeper, Inc. v L&L N.Y. Food Corp.*, 18 AD3d at 851). Accordingly, the Supreme Court should have denied the defendant's cross motion and granted the plaintiff's motion for leave to enter a default judgment. Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.