■ JPMorgan Chase Bank, N.A., Respondent, v Iancu Pizza, Ltd., et al., Appellants. [911 NYS2d 441]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated July 14, 2009, as denied that branch of their motion which was to vacate a judgment of the same court entered February 10, 2009, upon their default in appearing or answering the complaint, which was in favor of the plaintiff and against them in the principal sum of $53,951.71.

Ordered that order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to vacate so much of the judgment as was in favor of the plaintiff and against the defendant Iancu Bindela, also known as Iancu Bandela, and substituting therefor a provision granting that branch of the motion and vacating so much of the judgment as was in favor of the plaintiff and as against the defendant Iancu Bindela, also known as Iancu Bandela; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Iancu Bindela, also known as Iancu Bandela, payable by the plaintiff.

In seeking to vacate their default, the defendants were required to demonstrate a reasonable excuse for the default in appearing or answering the complaint as well as a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Sime v Ludhar*, 37 AD3d 817, 818 [2007]; *Professional Bookkeeper, Inc. v L&L N.Y. Food Corp.*, 18 AD3d 851, 852 [2005]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]).

Here, the Supreme Court properly denied the defendants' motion to vacate the default insofar as the corporate defendant, Iancu Pizza, Ltd., is concerned (*see Deutsche Bank Natl. Trust Co. v Ajim*, 43 AD3d 811 [2007]). The corporate defendant was properly served by delivery of the summons and complaint to a "person authorized by the secretary of state" for such purpose, pursuant to Business Corporation Law § 306 (b) (1) (*see Mauro v 1896 Stillwell Ave., Inc.*, 39 AD3d 506 [2007]; *Perkins v 686 Halsey Food Corp.*, 36 AD3d 881 [2007]), but it failed to answer or appear in this action.

However, the Supreme Court erred in finding that the individual defendant, Iancu Bindela, also known as Iancu Bandela (hereinafter Bindela), was properly served. Pursuant to CPLR 308 (4), service of process may be made "by affixing the sum-

mons to the door of either the actual place of business, dwelling place or usual place of abode," only where the alternate methods of personal service provided for in CPLR 308 (1) or (2) "cannot be made with due diligence" (*Gurevitch v Goodman,* 269 AD2d 355, 355 [2000] [internal quotation marks omitted]; *see Kalamadeen v Singh,* 63 AD3d 1007, 1008 [2009]; *McSorley v Spear,* 50 AD3d 652, 653 [2008]).

With respect to the attempted service upon Bindela, the plaintiff failed to establish that the process server exercised "due diligence" in attempting to effectuate service pursuant to CPLR 308 (1) or (2) before using the "affix and mail" method pursuant to CPLR 308 (4) (*Lombay v Padilla,* 70 AD3d 1010, 1012 [2010]; *Kalamadeen v Singh,* 63 AD3d at 1008), since no attempt to effectuate service was made at Bindela's "dwelling place or usual place of abode" (CPLR 308 [4]; *see O'Connell v Post,* 27 AD3d 630, 631 [2006]; *Earle v Valente,* 302 AD2d 353 [2003]; *Annis v Long,* 298 AD2d 340 [2002]). Under these circumstances, the service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law (*see Earle v Valente,* 302 AD2d at 353; *Gurevitch v Goodman,* 269 AD2d at 356). Therefore, that branch of the defendants' motion which was to vacate so much of the judgment entered February 10, 2009, as was in favor of the plaintiff and against Bindela, should have been granted. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.