■ ERZULIE PRUDENCE, Respondent, v ELIZABETH V. WRIGHT, Appellant. [943 NYS2d 185]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated February 8, 2011, which denied her motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court entered October 30, 2009, upon her default in appearing or answering the complaint, and to dismiss the complaint.

Ordered that the order dated February 8, 2011, is reversed, on the law, with costs, the defendant's motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment entered October 30, 2009, and to dismiss the complaint is granted, and the complaint is dismissed with leave to the plaintiff to re-serve the defendant within 120 days of the date of this decision and order.

Where, as here, a defendant moves to vacate a judgment entered upon his or her default in appearing or answering the complaint on the ground of lack of personal jurisdiction, the defendant is not required to demonstrate a reasonable excuse for the default and a potentially meritorious defense (*see Harkless v Reid*, 23 AD3d 622, 622-623 [2005]; *Steele v Hempstead Pub Taxi*, 305 AD2d 401, 402 [2003]). Contrary to the determination of the Supreme Court, the defendant established entitlement to relief from default on the ground that she was not properly served with the summons and complaint pursuant to CPLR 308 (4). The affidavit of service of the plaintiff's process server alleged that the process server attempted to deliver the summons and complaint to the defendant at her "dwelling house" or

"usual place of abode," rather than her actual place of business, on January 19, 2009, at 7:17 P.M., January 26, 2009, at 6:51 A.M., and February 25, 2009, at 4:03 P.M. After all three unsuccessful attempts, the process server affixed a copy of the summons and complaint to the defendant's door and mailed a copy to the same address, which was alleged to be the defendant's "last known residence." Contrary to these averments in the affidavit of service, the defendant presented proof, inter alia, that the address where service was attempted, as alleged in the affidavit of service, was in fact her office address.

The defendant established that the plaintiff's process server failed to exercise "due diligence" in attempting to effectuate service pursuant to CPLR 308 (1) or (2) before using the "affix and mail" method pursuant to CPLR 308 (4) (*JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd.*, 78 AD3d 902, 903 [2010] [internal quotation marks omitted]; *see Lombay v Padilla*, 70 AD3d 1010, 1012 [2010]). Due diligence was not exercised because two of the three attempts at service were at times when the defendant could not reasonably be expected to be at work, a national holiday (January 19, 2009) and at 6:51 A.M. on January 26, 2009 (*see Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 889 [2009]; *O'Connell v Post*, 27 AD3d 630 [2006]; *Earle v Valente*, 302 AD2d 353 [2003]; *Annis v Long*, 298 AD2d 340 [2002]). Furthermore, no attempt to effectuate service was made at the defendant's actual "dwelling place or usual place of abode" (*JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd.*, 78 AD3d at 903 [internal quotation marks omitted]; *see Earle v Valente*, 302 AD2d at 353), nor did the process server make genuine inquiries to ascertain the defendant's actual residence or place of employment (*see McSorley v Spear*, 50 AD3d 652, 654 [2008]; *Estate of Waterman v Jones*, 46 AD3d 63, 66 [2007]).

Under these circumstances, the service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law (*see JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd.*, 78 AD3d at 903; *Earle v Valente*, 302 AD2d at 354; *Gurevitch v Goodman*, 269 AD2d 355, 356 [2000]). Since the Supreme Court had not acquired personal jurisdiction over the defendant, the default judgment entered against her was a nullity (*see Fleisher v Kaba*, 78 AD3d 1118, 1120 [2010]; *Steele v Hempstead Pub Taxi*, 305 AD2d at 402). Accordingly, the defendant's motion, in effect, to vacate the judgment entered upon her default and to dismiss the complaint on the ground of lack of personal jurisdiction should have been granted.

We note that the action was timely commenced by filing the summons and complaint in the office of the Clerk of Kings

County. Under the circumstances of this case, despite the dismissal of the complaint on the ground of lack of personal jurisdiction, the plaintiff should be permitted, if she be so advised, to re-serve the appellant within 120 days of the date of this decision and order (*see* CPLR 306-b; *Gurevitch v Goodman*, 269 AD2d at 356). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.