██ THOMAS HALL et al., Respondents, v COLLEEN WONG, Appellant. [990 NYS2d 579]—

In an action, inter alia, to set aside a transfer of real property as a fraudulent conveyance, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered May 8, 2013, as, after a hearing to determine the validity of service of process, in effect, denied those branches of her motion which were pursuant to CPLR 5015 (a) (1) and (4), in effect, to vacate an order of the same court entered December 3, 2012, setting aside a certain conveyance of real property as fraudulent and declaring the subject deed null and void, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order entered May 8, 2013, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court held a hearing on April 24, 2013, to determine whether the defendant was properly served with process. The Supreme Court determined that service was effected by personal delivery upon the defendant pursuant to CPLR 308 (1).

If a defendant resists service of process, service may be effected pursuant to CPLR 308 (1) by leaving a copy of the summons in the defendant's general vicinity, provided that the defendant is made aware that this is being done (see Bossuk v Steinberg, 58 NY2d 916, 918 [1983]; McDonald v Ames Supply Co., 22 NY2d 111, 115 [1968]; Kapsis v Green, 285 AD2d 492, 493 [2001]; Spector v Berman, 119 AD2d 565, 566 [1986]). Here, the plaintiffs' process server testified that after the defendant came to the front door and he explained that he wanted to give her legal papers, the defendant, speaking through the closed door, refused to open the door and told him to come back another time. The process server then placed the summons and complaint between the storm door and the interior brown door, and told the defendant what he was doing. The plaintiffs satisfied their burden of demonstrating that the defendant was properly served. The hearing court's determination is amply supported by the record, and we decline to disturb its finding that the process server was more credible than the defendant (see King v Gil, 69 AD3d 678 [2010]; Ahrens v Chisena, 40 AD3d

787, 788 [2007]; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]).

As the Supreme Court determined that it had acquired personal jurisdiction over the defendant by proper service pursuant to CPLR 308 (1), and there was no other excuse proffered for the defendant's failure to appear or answer the complaint, the Supreme Court properly, in effect, denied those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) and (4) (*see Deutsche Bank Natl. Trust Co. v Matos*, 77 AD3d 606, 607 [2010]; *Tadco Constr. Corp. v Allstate Ins. Co.*, 73 AD3d 1022, 1023 [2010]; *Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970, 971 [2010]). Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.