Holbeck v Sosa-Berrios (2018 NY Slip Op 03513)





Holbeck v Sosa-Berrios


2018 NY Slip Op 03513


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-03516
 (Index No. 508481/14)

[*1]Louis Holbeck, appellant, 
v
A Sosa-Berrios, respondent.


Weitzman Law Offices, LLC, New York, NY (Rachel Weitzman of counsel), appellant.
Richard T. Lau, Jericho, NY (Kathleen E. Fioretti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated February 24, 2016. The order granted the defendant's motion pursuant to CPLR 306-b and 3211(a) to dismiss the complaint and denied the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend his time to serve the summons and complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained serious injuries after a car driven by the defendant collided with the car the plaintiff was driving. Two days before expiration of the statute of limitations in September 2014, the plaintiff commenced this personal injury action by the filing of a summons and complaint. In January 2015, the plaintiff served the summons and complaint using the affix and mail method at an address in Brooklyn that had been listed as the defendant's address on the police accident report three years earlier. Unbeknownst to the plaintiff, the defendant had since relocated from that address. After receiving a copy of the summons and complaint in May 2015, the defendant moved pursuant to CPLR 306-b and 3211(a) to dismiss the complaint. The plaintiff cross-moved pursuant to CPLR 306-b for leave to extend the time to serve the defendant. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
On this appeal, the plaintiff contends that he was entitled to an extension of time to serve the defendant. Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service upon "good cause shown or in the interest of justice" (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Bank v Estate of Robinson, 144 AD3d 1084, 1085).
Here, the plaintiff failed to demonstrate "good cause" for an extension of time, as he did not show that he exercised reasonable diligence in attempting to effect service (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784; Kazimierski v New York Univ., 18 AD3d 820; see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-106; Bumpus v New York City Trans. Auth., 66 AD3d 26, 31). The plaintiff resorted to affix and mail service after only two [*2]attempts to deliver the summons and complaint on a weekday, at approximately the same time of day, when the defendant reasonably could have been expected to be at work (see Prudence v Wright, 94 AD3d 1073; Estate of Waterman v Jones, 46 AD3d 63, 66). Further, the affirmation of the plaintiff's counsel does not indicate that he made any effort to verify that the defendant still resided at the address listed on the three-year-old police report, particularly after efforts to deliver the summons and complaint were unsuccessful (see Prudence v Wright, 94 AD3d 1073; Estate of Waterman v Jones, 46 AD3d at 66).
In addition, the Supreme Court did not improvidently exercise its discretion in declining to grant the plaintiff an extension of time in the interest of justice. Although, under the interest of justice standard, a plaintiff is not required to make a showing of reasonably diligent efforts at service, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Trans. Auth., 66 AD3d at 32). Here, as a result of the plaintiff's lack of diligence in serving the defendant, the defendant did not receive the summons and complaint until approximately 3 months and 3 weeks after expiration of the 120-day period for service, and approximately 7½ months after expiration of the statute of limitations. Significantly, there is no evidence that the defendant had any notice of the action until that time. Further, the plaintiff did not adduce evidence tending to show a lack of prejudice to the defendant, and there was no showing of merit to the plaintiff's claim of having sustained a serious injury, including even a recitation of the injuries he suffered.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court