Deutsche Bank Natl. Trust Co. v Russo (2019 NY Slip Op 02062)





Deutsche Bank Natl. Trust Co. v Russo


2019 NY Slip Op 02062


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-09830
 (Index No. 101249/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Rose Marie Russo, etc., et al., appellants, et al., defendants.


Nicholas M. Moccia, P.C. (Richard A. Rosenzweig, Staten Island, NY, of counsel), for appellants.
Gross Polowy, LLC (Hogan Lovells US LLP, New York, NY [David Dunn, Chava Brandriss, and Benjamin P. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 13 to foreclose a mortgage, the defendants Rose Marie Russo and Michael Russo appeal from an order of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated August 1, 2016. The order granted the plaintiff's motion for leave to reargue (1) its opposition to those branches of the cross motion of the defendants Rose Marie Russo and Michael Russo which were to vacate their defaults in appearing and answering and for leave to serve and file a late answer, which had been granted in a prior order of the same court dated March 9, 2016, and (2) that branch of its prior motion which was for an order of reference, which had been denied in the order dated March 9, 2016, and, upon reargument, in effect, vacated so much of that order as granted those branches of the cross motion of the defendants Rose Marie Russo and Michael Russo which were to vacate their defaults in appearing and answering and for leave to serve and file a late answer and denied that branch of the plaintiff's prior motion which was for an order of reference, and, thereupon, denied those branches of the cross motion, and granted that branch of the plaintiff's prior motion.
ORDERED that the order dated August 1, 2016, is affirmed, with costs.
The defendants Rose Marie Russo and Michael Russo (hereinafter together the defendants), who defaulted in answering the complaint, cross-moved, eight years later, inter alia, to vacate their defaults in appearing and answering and for leave to serve and file a late answer. The Supreme Court granted those branches of the cross motion in an order dated March 9, 2016, but subsequently granted the plaintiff's motion for leave to reargue, and upon reargument, among other things, vacated so much of that order as granted that relief. The defendants appeal.
"A motion for leave to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221[d][2]; see Carrillo v PM Realty Group, 16 AD3d 611, 611). Generally, a defendant seeking to vacate a default is required "to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Tadco Constr. Corp. v Allstate Ins. Co., 73 AD3d 1022, 1023). Under CPLR 317, however, which involves a defendant that was not personally served, to vacate the default, the defendant must show that he or she did not personally receive notice of the summons in time to defend the action and that he or she has a potentially meritorious defense. Mere denial of receipt of the service of the summons and complaint is "insufficient to establish lack of actual notice for purposes of obtaining relief [*2]pursuant to CPLR 317" (Stevens v Charles, 102 AD3d 763, 765).
We agree with the Supreme Court's determination granting the plaintiff's motion for leave to reargue, as the plaintiff established that the court had previously misapprehended the law regarding default and overlooked certain facts. We also agree with the court's determination, upon reargument, in effect, to vacate so much of the order dated March 9, 2016, as granted those branches of the defendants' cross motion which were to vacate their defaults in appearing and answering and for leave to serve and file a late answer and denied that branch of the plaintiff's prior motion which was for an order of reference, and, thereupon, to deny those branches of the cross motion and grant that branch of the plaintiff's prior motion.
In November 2013 the defendants cross-moved, inter alia, to vacate their defaults and for leave to file a late answer, which cross motion was denied by the Supreme Court in a March 2014 order, from which order the defendants neglected to appeal (see generally Osorio v Kenart Realty, Inc., 48 AD3d 650, 653-654). The court, in its order of March 9, 2016, overlooked the existence of the March 2014 order. Furthermore, the court overlooked that the defendants had appeared before it on numerous occasions over the course of this more than eight-year-old litigation. The defendants, inter alia, participated in five settlement conferences with the court in 2013; appeared with counsel at a two-day hearing in June 2014 to determine any mitigation of the plaintiff's damages; and entered into loan modification agreements with the plaintiff, but the defendants nonetheless failed to respond to the plaintiff's complaint. In light of the defendants' failure to act despite their awareness of the defaults, vacatur of the defaults would have been inappropriate (see Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1104; Malik v Noe, 54 AD3d 733, 734). Additionally, the defendants failed to show that they had not received notice of the summons in time to defend the action.
The defendants' remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court