Despinos-Cadet v Stein (2022 NY Slip Op 05990)

Despinos-Cadet v Stein

2022 NY Slip Op 05990

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-10507
 (Index No. 611785/17)

[*1]Glatz M. Despinos-Cadet, appellant-respondent,
v
Noah D. Stein, respondent-appellant.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant-respondent.
Jennifer S. Adams, Yonkers, NY (Robert I. Meyers of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 16, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the cross appeal is dismissed, as the defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on November 11, 2015. The defendant moved for summary judgment dismissing the complaint (1) on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and (2) on the alternative ground that he was not at fault in the happening of the subject accident. In an order dated August 16, 2019, the Supreme Court granted the defendant's motion on the ground that the plaintiff did not sustain a serious injury. The plaintiff appeals and the defendant cross-appeals.
On appeal, the plaintiff contends that the Supreme Court erred in granting the defendant's motion on the ground that the plaintiff did not sustain a serious injury as a result of the accident. On the cross appeal, the defendant contends that the court should have granted his motion on the alternative ground that he was not at fault in the happening of the subject accident. Although the defendant's cross appeal must be dismissed on the ground that he is not aggrieved by the order appealed from (see Mixon v TBV, Inc., 76 AD3d 144, 156-157), the contentions raised by the defendant on the cross appeal are considered as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546; Matter of Cynthia M.V. [Jose V.], [*2]173 AD3d 1189, 1191; Tadco Constr. Corp. v Allstate Ins. Co., 73 AD3d 1022, 1023; Matter of Allstate Ins. Co. v Leach, 15 AD3d 649).
The defendant failed to meet his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant's submissions failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969, 969; Rouach v Betts, 71 AD3d 977, 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendant failed to meet his prima facie burden, it is not necessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact as to whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d at 969).
Turning to the defendant's alternative argument that he was not at fault in the happening of the subject accident, "[a] driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). As such, "[a] rear-end collision with a vehicle that is slowing down establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on him [or her] to come forward with an adequate nonnegligent explanation for the accident" (Odetalla v Rodriguez, 165 AD3d 826, 827 [internal quotation marks omitted]). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Flood v Fillas, 190 AD3d 828, 828 [internal quotation marks omitted]).
Here, in support of his motion, the defendant submitted, inter alia, copies of the transcripts of his own deposition testimony and the plaintiff's deposition testimony. The defendant testified at his deposition that the accident happened when the plaintiff's vehicle unsafely changed lanes and sideswiped his vehicle. Conversely, the plaintiff testified that the accident happened after she safely changed lanes, and that her vehicle was struck in the rear by the defendant's vehicle. In light of the conflicting evidence submitted in support of his motion, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that he was not at fault in the happening of the accident (see Cho v Demelo, 175 AD3d 1235, 1237; Cruz v Valentine Packaging Corp., 167 AD3d 707, 708-709; Stafford v Allied Bldg. Prods. Corp., 164 AD3d 1398, 1398-1399).
Since the defendant failed to meet his prima facie burden, it is not necessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact as to whether he was at fault in the happening of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court